IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL JAMES HAYWARD**, | Case No. 3:13-cv-01792-SI |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **JEFF PREMO, Superintendent, Oregon State Penitentiary**, | |
| Respondent. | |

Lisa Hay, Federal Public Defender, and Oliver W. Loewy, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE FOR THE DISTRICT OF OREGON, 101 S.W. Main Street, Suite 1700 Portland, OR 97204. Of Attorneys for Petitioner.

Ellen F. Rosenblum, Attorney General, and Erin K. Galli, Timothy A. Sylwester, and Samuel A. Kubernick, Assistant Attorney General, DEPARTMENT OF JUSTICE, 1162 Court Street N.E., Salem, OR 97301. Of Attorneys for Respondent.

**Michael H. Simon, District Judge.**

Before the Court in this death penalty habeas corpus action is Petitioner's motion for stay, seeking an order from the Court staying this action until the conclusion of his pending state court post-conviction ("PCR") proceedings. Petitioner moves in the alternative for a 90-day extension of time to file his response to Respondent's brief on exhaustion and procedural default.

PAGE 1 – OPINION AND ORDER

Respondent opposes Petitioner's motion. For the reasons set forth below, the Court grants Petitioner's motion for stay.

## RELEVANT PROCEDURAL HISTORY

Petitioner filed his Notice of Intent to File Capital Habeas Petition in this Court on October 8, 2013, and the Court held an initial status conference on October 30, 2013. On January 21, 2014, Petitioner filed a successive post-conviction petition in Oregon state court.[1] On September 25, 2014, Petitioner timely filed the Petition in this federal case. At a status conference held on November 19, 2014, the Court adopted the parties' proposed schedule for briefing on issues of exhaustion and procedural default. At that conference the Court specifically questioned the parties about Petitioner's successive PCR petition and issues surrounding the resultant parallel state and federal proceedings. Petitioner did not indicate he wanted or would be seeking to stay this federal habeas action pending the resolution of his state court proceedings.

Thereafter, in accordance with the Court's scheduling order, Respondent filed his brief on exhaustion and procedural default on February 6, 2015. In March 2015, the federal defender's office notified the Court that Petitioner's appointed counsel, Patrick Ehlers, was leaving that office and a search for a qualified capital habeas attorney to replace him was underway. On May 4, 2015, over Respondent's objection, the Court granted Petitioner's motion for a one-year extension of time to file his response to Respondent's brief on exhaustion and procedural default.

---

[1] Petitioner filed an amended formal PCR petition on January 23, 2015. On March 18, 2015, Marion County Circuit Court Judge Thomas Hart granted the State's Motion to Dismiss and dismissed the untimely, successive petition as meritless under state law. Judge Hart specifically ruled that petitioner failed to establish a basis for relief under the escape clauses in Or. Rev. Stat. §§ 138.510(3) and 138.550(3), which recognize an exception to the procedural bars if the grounds for relief "could not reasonably have been raised in the original or amended petition." Petitioner filed a Notice of Appeal on April 15, 2015. The Oregon Court of Appeals denied the State's Motion to Dismiss on July 1, 2015. The appeal is now fully briefed and oral argument is scheduled for August 8, 2016.

PAGE 2 – OPINION AND ORDER

In its order, the Court advised Petitioner is would not consider any further requests for extension of time to file that brief absent a showing of extraordinary cause. Petitioner's brief was due on April 8, 2016. He filed the subject motion for stay on April 1, 2016.

## DISCUSSION

Petitioner maintains that he can satisfy the requirements for stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court discussed the discretion of district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The Supreme Court held that to obtain a stay allowing a petitioner to return to the state courts to exhaust a claim, the petitioner must demonstrate that there was good cause for the failure to exhaust the claim, that the unexhausted claim is not plainly meritless, and that the petitioner has not engaged in intentionally dilatory litigation tactics. *See Id.* at 278.

### A. Good Cause

Petitioner argues that he can establish good cause for his failure to exhaust based on a showing that his initial PCR counsel rendered ineffective assistance when counsel failed to raise and exhaust the subject claims in state court. Specifically, Petitioner relies on *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), which held, consistent with *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), that ineffective assistance of initial PCR counsel may constitute good cause for a petitioner's failure to exhaust a claim sufficient to warrant a stay under *Rhines*.

In response, Respondent argues that Petitioner cannot demonstrate good cause supporting a *Rhines* stay because it is extremely unlikely that he will be able to demonstrate that his claims are not procedurally barred and thus their merits will not be considered by the state courts. In support of his position, Respondent cites both to Judge Hart's dismissal of Petitioner's successive petition and the Oregon Court of Appeal's recent decision in *Cunningham v. Premo*, 278 Or. App. 106 (2016). In *Cunningham* the Oregon Court of Appeals declined to

PAGE 3 – OPINION AND ORDER

extend the rationale of *Martinez* to PCR claims in Oregon that are barred as successive and concluded that a procedural bar cannot be excused based on the inadequacy of prior post-conviction counsel. *Id.* at 124.

Moreover, Respondent argues that the Oregon Supreme Court has never suggested that inadequacy of prior PCR counsel could support an exception to a successive petition bar, and thus there is no likelihood that *Cunningham* will be reversed by the Oregon Supreme Court. In support of this argument, Respondent asserts that *Church v. Gladden*, 244 Or. 308 (1966), and *Bartz v. State of Oregon*, 314 Or. 353, 359-60 (1992), hold that the obligation to identify and advance grounds for relief rests with Petitioner, not his counsel.

Petitioner replies by first contending that Judge Hart in the case below and the Oregon Court of Appeals in *Cunningham* reached erroneous legal conclusions. Moreover, Petitioner highlights the fact that these decisions are under review by the Oregon Court of Appeals and the Oregon Supreme Court respectively. With regard to *Cunningham*, Petitioner argues that the Oregon Supreme Court has never ruled on the question of whether a PCR petitioner may challenge the adequacy of earlier PCR counsel. Further, Respondent's argument notwithstanding, Petitioner insists that the Oregon Supreme Court "strongly implied" in *Church* that ineffective assistance of initial PCR counsel may sometimes satisfy the escape clause. Thus, argues Petitioner, there is now an inconsistency between *Cunningham* and *Church*. Petitioner also disagrees that *Bartz* mandates a conclusion that Petitioner cannot satisfy an escape clause.

Ultimately, Petitioner maintains that even if *Cunningham* and the other cases relied on by Respondent lend support to Respondent's position, a *Rhines* stay is still appropriate here because it should be granted where there is *any* likelihood that the unexhausted claims are not procedurally defaulted as a matter of state law. In support, Petitioner cites to *Cunningham v.*

PAGE 4 – OPINION AND ORDER

*Hudson*, 756 F.3d 477, 485 (6th Cir. 2014) (noting that a *Rhines* stay is appropriate when it is at least debatable whether the state courts would entertain the claim); *Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004) (noting that if there is any likelihood that the state courts would consider the merits, the federal courts should allow the stay); and *Pombrio v. Hense*, 631 F. Supp. 2d 1247, 1251 (C.D. Cal. 2009) (noting that "if a possibility remains that the California Supreme Court will consider such a claim, then it is unexhausted").

As noted, the Ninth Circuit has held that "the *Rhines* standard for [an ineffective assistance of counsel]-based cause is not any more demanding than the cause standard articulated in *Martinez* [*v. Ryan*, 132 S.Ct. 1309 (2012)]" and that ineffective assistance of state PCR counsel can be good cause for a *Rhines* stay. *Blake*, 745 F.3d at 983-84. The Ninth Circuit further explained:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence to justify that failure. *See* [*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)]("A petitioner's reasonable confusion ... will ordinarily constitute 'good cause' [under Rhines] ..."). An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.
>
> * * *
>
> While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify petitioner's failure to exhaust, will.

*Id.* at 982 (footnote omitted).

Here, Petitioner argues that in accordance with *Blake* the ineffective assistance of his initial PCR counsel in failing to raise and exhaust the subject claims constitutes a reasonable excuse for Petitioner's failure to exhaust these claims in state court. By way of evidentiary

PAGE 5 – OPINION AND ORDER

support to show his initial PCR counsel was ineffective for failing to raise these claims, Petitioner offers various declarations, standards, and guidelines supporting the merits of his underlying claims. This evidence includes the declaration of James Garbarino, Ph.D., opining that Petitioner experienced varied and severe psychological abuse during his childhood and adolescence. In forming this opinion, Dr. Garbarino relied on extensive information federal investigators provided to him that was never presented either at Petitioner's trial or in his initial PCR proceedings, but which Petitioner contends an adequate investigation would have uncovered at the time of those proceedings. The Court notes that Dr. Garbarino's opinion departs markedly from the findings adopted by the Oregon Court of Appeals when it affirmed the PCR court's denial of relief, including the specific conclusion that the evidence in the record did not support a claim premised on an assertion that Petitioner had an abusive childhood.

Based on the foregoing, the Court finds that Petitioner has demonstrated good cause under *Rhines* and *Blake* for his failure to exhaust at least one of the subject claims. *See Wright v. Legrand*, 2014 WL 3428487, at *10 (D. Nev. July 10, 2014) ("[I]t suffices for the present good-cause inquiry that petitioner has presented a colorable or potentially meritorious claim that state post-conviction counsel was ineffective for failing to pursue a colorable or potentially meritorious claim of ineffective assistance of trial counsel.").

B.     **Not Plainly Meritless**

As an initial matter, the Court notes that Respondent did not address the "not plainly meritless" requirement in his briefs. Rather, Respondent confined his argument to disputing whether Petitioner could show good cause for the stay. Respondent does concede that there is a possibility that Petitioner will be able to demonstrate an exception to procedural bars in federal court. Based on Petitioner's briefs and accompanying supporting evidence, the Court concludes he has shown that at least one of his claims is not plainly meritless.

To the extent Respondent would argue that the Court should find Petitioner's claims "meritless" based on Respondent's assertion that the claims are procedurally defaulted, the Court concludes that meritless in this context does not equate with procedurally barred. *Id.*

### C.     No Intentionally Dilatory Litigation Tactics

On the issue of intentional delay, Petitioner maintains that any delay is due to the ineffective assistance of his initial PCR counsel. Again, Respondent does not address this *Rhines* requirement in his briefs. The Court notes that Petitioner could have filed his motion for stay sooner. Nevertheless, the Court concludes that Petitioner has been diligent in pursuing successive PCR relief—even filing his successive PCR petition months before he filed the Petition in this case. Moreover, as noted, his case is fully briefed before the Oregon Court of Appeals and set for oral argument next month.

In addition, the Court notes that a petitioner can show good cause for a *Rhines* stay under *Blake* if the petitioner's failure to exhaust a claim of ineffective assistance of counsel is due to ineffective assistance of initial PCR counsel for failing to raise such claim. Accordingly, a finding under these circumstances that Petitioner engaged in intentionally dilatory litigation tactics due to the fact that he failed to previously raise the unexhausted claim cannot be reconciled with the rationale underlying *Rhines* and *Blake*.

Based on the foregoing, the Court finds on the record and arguments presented that Petitioner has not engaged in intentionally dilatory litigation tactics. The Court will therefore grant Petitioner's request for a stay.

### D.     Length of Stay

Respondent argues that if the Court grants Petitioner's motion for stay, the Court should stay the case only until the Oregon Supreme Court decides the Petition for Review in *Cunningham*. Petitioner objects to this proposal on the basis that an affirmance in *Cunningham*

PAGE 7 – OPINION AND ORDER

would preclude a merits ruling only on the last of Petitioner's four claims. Petitioner argues that his argument that ineffective assistance of initial PCR counsel satisfies the escape clauses excusing his untimely and successive petition is an isolated argument only as to the last of his four claims. He maintains, for reasons other than or in addition to ineffective assistance of initial PCR counsel, that the escape clauses save his other three claims. Petitioner appears to depart from his pre-*Cunningham* briefing wherein he seemed to rely exclusively on the argument that ineffective assistance of initial PCR counsel satisfied the good cause requirement warranting a stay under *Rhines*. He now insists that the good cause *Rhines* hurdle is distinct from the showing he must make to find relief under the Oregon statutory escape clauses. Accordingly, Petitioner argues that the Court should allow him to fully exhaust his claims in one complete round of Oregon appellate review.

      The Court agrees with Petitioner that lifting the stay upon the Oregon Supreme Court's resolution of the Petition for Review in *Cunningham* is neither an appropriate nor an efficient approach to administering a *Rhines* stay. To the extent the Oregon Court of Appeals determines that Petitioner's case should be resolved in the same manner as *Cunningham*, that court should be able to resolve Petitioner's case following oral argument in short order. Similarly, to the extent the Oregon Supreme Court determines the same dispositive issues are present in both cases, that court too can refer to its resolution in *Cunningham*. Should the Oregon appellate courts, however, identify different or additional issues surrounding the question of whether Petitioner can satisfy the statutory escape clauses, as Petitioner asserts they might do, lifting the stay at the conclusion of *Cunningham* would be premature and inefficient, and would defeat the purpose of the stay.

PAGE 8 – OPINION AND ORDER


While entering a *Rhines* stay will delay this federal habeas action, for the reasons set forth above, the Court concludes that Petitioner has demonstrated a stay pending final disposition of his pending successive PCR proceedings is appropriate. The Court remains cautiously hopeful, based on the pace of Petitioner's successive PCR proceedings thus far, and assuming Respondent's predictions regarding how the Oregon appellate courts will resolve the matter are correct, that the delay will be minimal.

## CONCLUSION

The Court GRANTS Petitioner's Motion for Stay (ECF 69). This case is stayed pending resolution of Petitioner's successive PCR proceedings in state court. Petitioner is directed to provide the Court with a status report every sixty (60) days and to notify the Court within thirty (30) days of the Oregon courts' final disposition of his case or of any other significant development.

**IT IS SO ORDERED**.

DATED this 25th day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge